UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| DONALD S., § § | |
| Plaintiff, § § | |
| v. § § | Case # 1:21-cv-64-DB |
| COMMISSIONER OF SOCIAL SECURITY, § § | MEMORANDUM DECISION AND ORDER |
| Defendant. § | |

## INTRODUCTION

Plaintiff Donald S. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner"), that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Act, and his application for supplemental security income ("SSI") under Title XVI of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 16).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 8, 10. Plaintiff also filed a reply brief. *See* ECF No. 11. For the reasons set forth below, Plaintiff's motion (ECF No. 8) is **GRANTED**, the Commissioner's motion (ECF No. 10) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings as set forth below.

## BACKGROUND

Plaintiff protectively filed applications for DIB and SSI on April 8, 2014, alleging disability beginning March 19, 2014 (the disability onset date), due to seizures, right leg fracture, neurofibromatosis, emphysema, asthma, high blood pressure, dizziness, eye problems, hearing

problems, and shaking. Transcript ("Tr.") 172-73, 315-23, 86-94. The claims were denied initially on October 9, 2014, after which Plaintiff requested an administrative hearing. Tr. 197.

On February 2, 2017, Administrative Law Judge Bryce Baird ("the ALJ") held a hearing in Buffalo, New York, at which Plaintiff appeared and testified. Tr. 197, 104-49. Although informed of his right to representation, Plaintiff chose to appear and testify without the assistance of an attorney or other representative. Tr. 197. Charles R. Poor, an impartial vocational expert, also testified via telephone. *Id*. On October 4, 2017, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled. Tr. 197-215.

On September 21, 2018, the Appeals Council remanded the case back to the ALJ for further administrative proceedings. Tr. 216-18. On October 30, 2019, Plaintiff appeared at a second hearing and was represented by Zachary Zabawa, an attorney. Tr. 13, 50-102. Donna Toogood, an impartial vocational expert, also appeared. Tr. 50. The ALJ issued another unfavorable decision on February 5, 2020, finding that Plaintiff was not disabled. Tr. 13-39. The Appeals Council denied Plaintiff's request for review on November 20, 2020. Tr. 1-7. The ALJ's February 5, 2020 decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. 405(g).

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more

than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

**II.     The Sequential Evaluation Process**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id*. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in his February 5, 2020 decision:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2. The claimant has not engaged in substantial gainful activity since March 19, 2014, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: emphysema, COPD (chronic obstructive pulmonary disease), asthma, seizure disorder, history of leg fracture, neurofibromatosis and depression with psychotic features (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)[1] except he can lift and carry on occasion up to 20 pounds,

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the

4

lift and carry frequently up to 10 pounds. He can sit up to six (6) hours in an eight (8) hour day, stand or walk for up to six (6) hours in an eight (8) hour day. He would be limited to occasional climbing of ramps or stairs, no climbing of ladders, ropes or scaffolds. He could perform occasional balancing, frequent stooping. He could perform occasional kneeling, occasional crouching, and no crawling. He would be limited to environments in which there is no exposure to excessive cold, no exposure to excessive heat, and no direct exposure to irritants, such as odors, fumes, dusts, gases or poor ventilation. He can have no exposure to hazards such as unprotected heights or moving machinery. He is limited to simple routine tasks that can be learned after a short demonstration or within 30 days. He is limited to work that would involve no production rate or pace work; work which would not require teamwork such as on a production line; work that would not require driving a vehicle. He can perform work in which there would be no more than occasional interaction with coworkers or with the public.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on August 13, 1969 and was 44 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 19, 2014, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Tr. 15-32.

Accordingly, the ALJ determined that, based on the application for a period of disability and disability insurance benefits protectively filed on April 8, 2014, the claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act. Tr. 32. The ALJ also determined that

---

ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

based on the application for supplemental security income protectively filed on April 8, 2014, the claimant is not disabled under section 1614(a)(3)(A) of the Act. *Id*.

## ANALYSIS

Plaintiff asserts two points of error. First, Plaintiff argues that the ALJ failed to resolve ambiguities in the opinion of consultative examiner Nikita Dave, M.D. ("Dr. Dave") and should have recontacted Dr. Dave regarding Plaintiff's medical need for a cane. *See* ECF No. 8-1 at 3, 18-22. Second, Plaintiff argues that the ALJ conducted an improper credibility evaluation and failed to consider relevant factors, such as Plaintiff's mental health, poverty, homelessness, reliance on others, and modified activities, that may affect his ability to obtain adequate treatment or maintain compliance. *See id*. at 22-26. Accordingly, argues Plaintiff, the ALJ failed to pose relevant hypotheticals to the vocational expert, resulting in an RFC that was unsupported by substantial evidence. *See id*. at 18-26.

In response, the Commissioner argues that substantial evidence, including Plaintiff's mild clinical findings and the opinion of consultative examiner Hongbiao Liu, M.D. ("Dr. Liu"), supports the ALJ's finding that Plaintiff could perform a range of light work. *See* ECF No. 10-1 at 2, 6-11. The Commissioner also argues that the ALJ reasonably found that, based on the evidence before him, including evidence that Plaintiff could walk and ride a bicycle for several miles, Plaintiff's use of a cane was not medically necessary, and the ALJ was not required to recontact Dr. Dave, as Plaintiff argues. *See id*. at 2, 11-19. Regarding Plaintiff's second point, the Commissioner argues that the ALJ reasonably found that Plaintiff's subjective complaints were not entirely consistent with Plaintiff's varied daily activities, lack of subjective complaints at many treatment visits, and his noncompliance with treatment. *See id*. at 2, 19-27.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77.

Upon review of the record in this case, the Court finds that Plaintiff's first argument has merit. In considering Dr. Dave's May 2019 opinion (Tr. 740-45), the ALJ noted that "Dr. Dave reports that the claimant does not require the use of a cane to ambulate, but then reported on the same page that the use of a cane is medically necessary, noting it would help gait." Tr. 30, 746. Based on this "internal inconsistency," the ALJ granted Dr. Dave's opinion as a whole "only limited weight. Tr. 30. To the extent that the ALJ had questions about Dr. Dave's opinion or found it "internally inconsistent" regarding Plaintiff's need to use a cane, the ALJ should have asked for clarification, rather than discrediting the opinion. *See generally* 20 C.F.R. § 404.1520b(b)(2)(i)(ii)(iv); 20 CFR 404.1512 (b); *see also Georgia H. v. Comm'r of Soc. Sec.*, 2021 WL 22506, *5 (W.D.N.Y. 2021) ("[I]f the ALJ thought that he could not assess [a doctor's] medical source statement because it was "vague and ambiguous," [], then that created a gap in the record—a gap that the ALJ was obligated to fill by recontacting the source.); *Trumpower v. Colvin*, 2015 WL 162991, *14 (W.D.N.Y. 2015) (remanding "where the ALJ rejected [a doctor's] opinion in large part because the ALJ found that it was incomplete [and] the ALJ had a duty to develop the record by re[ ]contacting [the doctor] for clarification regarding [the] foundation for [the] opinion") (citations omitted)); *Ashley v. Comm'r of Soc. Sec.*, 2014 WL 7409594, *4 (N.D.N.Y. 2014)

(concluding that when a physician's opinion suffered from inconsistencies, conflicts, or ambiguities, "[t]he ALJ ought to have contacted the doctor for clarification on his conclusion").

The record indicates that Vasudha Reddy, M.D. ("Dr. Reddy) prescribed Plaintiff a cane in October 2015 when Plaintiff was hospitalized due to alcohol withdrawal symptoms. Tr. 634. Plaintiff reported to Dr. Dave that he fractured his leg six years ago, although Dr. Dave noted that Plaintiff was "a very vague historian." Tr. 740. Dr. Dave also noted that Plaintiff was wearing a right lower leg brace. *Id*. Plaintiff stated that his pain comes and goes in the right lateral ankle and lateral knee area with cold weather and walking more than several blocks, but he was able to ride his bike without pain. *Id*. Plaintiff also reported to Dr. Dave that he walked more than a dozen miles to attend the appointment, and that his leg hurt slightly. *Id*. Dr. Dave noted that a June 2015 x-ray report from ECMC documented a healing right tibial fracture (Tr. 740) and diagnosed (among other things) "right upper tibial and tibial plateau fracture initially missed" (Tr. 743).

On examination, Dr. Dave noted that Plaintiff's gait was "abnormal, awkward," and he "drags the right foot along the floor;" he had decreased stance time on the right lower extremity; and his toe gait was awkward. Tr. 742. Examination of the right leg demonstrated slight tenderness on the right ankle; full strength; and slightly diminished sensation on the left dorsal foot. *Id*. Although Dr. Dave indicated that Plaintiff did not require the use of a cane to ambulate, she indicated that the use of a cane was medically necessary, stating that a "cane would help gait in my opinion [and] help avoid pain in [right lower extremity.]" Tr. 746.

"While an ALJ is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who submitted an opinion to or testified before him." *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998). Moreover, "[b]ecause a hearing on disability benefits is a non-adversarial

8

proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996) (citing *Echevarria v. Sec'y of Health & Human Servs.*, 686 F.2d 751, 755 (2d Cir. 1982)). In fact, "an ALJ is under an affirmative obligation to develop a claimant's medical history 'even when the claimant is represented by counsel or . . . by a paralegal.'" *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (quoting *Perez*, 77 F.3d at 47). Thus, the ALJ's rejection of Dr. Dave's opinion created a gap in the record regarding whether Plaintiff's use of a cane was medically necessary. The ALJ's failure to fill that gap, either by recontacting Dr. Dave or obtaining a new consultative examination, is an error warranting remand. *See Georgia H.*, 2021 WL 22506, at *5; *see also Scott v. Berryhill*, 2018 WL 4442882, at *4 (W.D.N.Y. Sept. 17, 2018) (citing 20 C.F.R. § 404.1520b(b)(2)(i)) ("Indeed, the Commissioner's regulations indicate that the ALJ may recontact any 'medical source' where the evidence of record is incomplete or inconsistent, including where the evidence is 'ambiguous.'").

The Commissioner argues that the ALJ was not required to recontact Dr. Dave "because the ALJ had Plaintiff's complete medical record and reasonably assessed that evidence to reject Dr. Dave's opinion." *See* ECF 10-1 at 15. The Court disagrees. For a cane to be medically necessary, "there must be medical documentation establishing the need for [the cane] to aid in walking or standing[ ] and describing the circumstances for which it is needed." *See* SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996). First, as the Commissioner acknowledges, neither Dr. Reddy nor Dr. Dave explained the circumstances under which Plaintiff needed to use his cane. *See id*. at 14-15, 19. Thus, the medical record was not complete. Second, although there was medical documentation about a cane in the record, the ALJ failed to determine whether the cane was medically necessary, or to incorporate the use of a cane into the RFC. Thus, the ALJ's analysis of Plaintiff's need for a cane was insufficient. *See, e.g.*, *Scott*, 2018 WL 4442882, at *6 (remanding

because the ALJ failed to properly consider whether the plaintiff's cane was medically necessary and the plaintiff's cane use was not incorporated into the RFC).

The Commissioner also argues that "the ALJ presumed that Dr. Dave meant to find that Plaintiff's cane was medically necessary but reasonably found that Dr. Dave's opinion was inconsistent with Plaintiff's varied activities, such as his ability to walk and ride his bicycle for several miles at a time." *See id*. at 16 (citing Tr. 30). Even assuming this is true, the Court declines to adopt the Commissioner's *post hoc* interpretation of the ALJ's analysis. *See Cestare v. Colvin*, No. 15-CV-6045P, 2016 WL 836082, at *4 (W.D.N.Y. Mar. 4, 2016); *Hall v. Colvin*, 37 F. Supp. 3d 614, 626 (W.D.N.Y. 2014) ("Even if accurate, this is a *post hoc* rationalization that is not apparent from the face of the ALJ's decision. A reviewing court may not accept appellate counsel's *post hoc* rationalization for agency action.") (internal quotation marks and citations omitted). Furthermore, because the record does not document the circumstances under which Plaintiff was required to use a cane (as the Commissioner acknowledges), the Court cannot say that the activities noted preclude Plaintiff's medical need for a cane. Furthermore, Dr. Dave's examination findings are not inconsistent with her conclusion that Plaintiff reasonably required a cane for walking and to help with pain. Tr. 743-46.

The Commissioner further argues that Dr. Liu's September 2014 opinion supports the ALJ's RFC finding. *See* ECF No. 10-1 at 9-10. However, the ALJ gave only "some weight" to Dr. Liu's opinion that Plaintiff had mild to moderate limitations for prolonged walking, bending, and kneeling. Tr. 29, 590. Dr. Liu noted that Plaintiff had right lower leg constant pain secondary to a motor vehicle accident in March 2014, during which the right lower leg was fractured. Tr. 587. Plaintiff reported that his pain level was 7/10, with numbness and tingling in the right leg, and cold weather made the pain worse. *Id*. Notably, Dr. Liu's examination was prior to Plaintiff

being prescribed a cane in October 2015. *See* Tr. 634. Thus, Dr. Dave's opinion is not contradicted by Dr. Liu's opinion. Tr. 590. Nor is Dr. Dave's opinion contradicted by Plaintiff's testimony and reports, including that he was unable to walk regularly on a prolonged basis without pain and without a supportive device due to his post leg fracture and accident, as well as pain and tumors from neurofibromatosis. Tr. 68-71, 375-383, 1130.

For all the reasons discussed above, the ALJ had a duty to recontact Dr. Dave for clarification rather than simply discredit her opinion. *See Scott*, 2018 WL 4442882, at *4. As noted previously, Dr. Dave found that Plaintiff did not require the use of a cane to ambulate, but she also found that the use of a cane was medically necessary for walking and to help with pain. Tr. 746. The ALJ identified ambiguity in Dr. Dave's opinion but failed to resolve the ambiguity by recontacting Dr. Dave for clarification. *See* 20 C.F.R. §§ 404.1520b(c)(1), 416.920b(c)(1) (2013) (the first option provided in the regulations for dealing with inconsistences is to "recontact [the] treating physician"). Therefore, the matter must be remanded. On remand, the ALJ must attempt to contact Dr. Dave to obtain clarification regarding her opinion.

Because the Court has already determined, for the reasons discussed above, that remand of this matter for further administrative proceedings is necessary, the Court declines to address Plaintiff's additional arguments. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 2137776, at *28 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, *261 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

## **CONCLUSION**

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is **GRANTED**, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED**.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE